IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BELL-SPARROW,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL WILTZ, MONE'T INC., and WONDA MCGOWAN<br><br>    Defendants.<br>_____/ | No. C 12-02782 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS; SETTING CASE MANAGEMENT CONFERENCE** |

*Pro se* plaintiff Arlene Bell-Sparrow filed a complaint against defendants Paul Wiltz, Mone't Inc., and Wonda McGowan on May 31, 2012, alleging breach of contract, fraud, negligent misrepresentation, deceptive business practices, and violating the covenant of good faith and fair dealing. Plaintiff has not served defendants Paul Wiltz or Mone't Inc., but defendant Wonda McGowan has been served. Defendant McGowan, in answering the complaint, filed a motion to dismiss for failure to state a claim, which she incorrectly termed a motion for summary judgment. Dkt. 15. Plaintiff has opposed that motion and in addition, plaintiff has filed a motion to amend her complaint. Therefore, both defendant McGowan's motion to dismiss and plaintiff's motion to amend her complaint are now before the Court. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES the hearing currently scheduled for February 15, 2013.**

Federal Rule of Civil Procedure 15(a) provides that a party may amend after obtaining leave of the court, or by consent of the adverse party. Leave to amend is generally within the discretion of the district court. *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Rule 15 advises the court that "leave shall be freely given when justice so requires." The case law advises that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court should consider four factors when deciding whether to give leave to amend: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052.

Defendant McGowan has not opposed plaintiff's motion to amend her complaint. Defendant's opposition was due on January 24, 2013, and defendant has not requested an extension or otherwise communicated with the Court. However, in defendant McGowan's motion to dismiss, she argues that plaintiff fails to state a claim for breach of contract or the related fraud claims against her because McGowan was not a party to the contract at issue. Dkt. 15-1 at 4. Plaintiff's opposition to the motion to dismiss merely restates the allegations in her initial complaint and does not address McGowan's contention. *See* Dkt. 17. However, plaintiff's motion to amend seeks to amend her complaint to clarify facts regarding defendant McGowan's actions and how McGowan did act in concert with the other co-defendants, presumably to breach the contract at issue, and to commit fraud. Dkt. 21 at 1.

Here the Court finds that the factors to be considered pursuant to *Lockheed* all counsel in favor of permitting plaintiff to amend her complaint. Therefore, the Court GRANTS plaintiff's motion to amend her complaint. In addition, because plaintiff is amending her complaint, the Court DENIES AS MOOT defendant's motion to dismiss. **Plaintiff's amended complaint must be filed no later than March 8, 2013.** Failure to timely file an amended complaint may result in dismissal of this case.

**A further Case Management Conference is set for March 29, 2013 at 3:00 p.m.**

**IT IS SO ORDERED.**

Dated: February 8 , 2013

SUSAN ILLSTON
United States District Judge