IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BELL-SPARROW,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL WILTZ, MONE'T INC., and WONDA MCGOWAN<br><br>    Defendants.<br>_____/ | No. C 12-02782 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND DENYING PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE** |

*Pro se* plaintiff has filed multiple motions for court approval to serve the summons and complaint on defendant Paul Wiltz by publication. *See* Dkts. 23, 32. Plaintiff has also filed various notices with the Court indicating that she has served the summons and complaint on defendant Mone't Inc., by mailing it to defendant Wonda McGowan. *See* Dkts. 25, 31, 33. Defendant McGowan has filed various notices with the Court opposing plaintiff's attempt to accomplish service on Mone't Inc., by serving her. The Court held a hearing on these matters on May 2, 2013. Having considered the parties' arguments, the Court hereby DENIES plaintiff's motion for approval of service by publication and DENIES plaintiff's motion to substitute service on Mone't Inc., by serving defendant McGowan.

**DISCUSSION**

Plaintiff filed this action on May 31, 2012, alleging breach of contract and fraud against Paul Wiltz, Mone't Inc., and Wonda McGowan. Shortly thereafter, the Court granted her *in forma pauperis* status and issued summons as to all three defendants. Because of her *in forma pauperis* status, the United States Marshal Service attempted service of process on the defendants. Only defendant McGowan returned receipt of service of process. Service of process on defendants Paul Wiltz and Monet Inc., was returned unexecuted, with a note that defendants had moved. *See* Dkt. 16. On

December 3, 2012, plaintiff filed a letter with the Court inquiring about why Wiltz had not been served and noting that he had evaded service in other contexts in the past. *See* Dkt. 19. Plaintiff later filed the instant requests for a court order approving of service by publication. *See* Dkts. 23, 32.

**1.     Service by Publication.**

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). In her first amended complaint plaintiff alleges breach of contract, fraud, negligent misrepresentation, deceptive business practices, and breach of the covenant of good faith and fair dealing against defendant Wiltz for his role as owner of Mone't, in connection with an agreement to provide funding for a commercial real estate transaction. Plaintiff has alleged a cause of action against Wiltz.

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal.4th 743, 749 n. 5 (1995) ("The term 'reasonable diligence'. . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). Because of due process concerns, service by publication must be allowed "only as a last resort." *Id.*; *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (discussing due process and

notice to a party). " 'Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.' " *Watts*, 10 Cal.4th at 749. The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal.App.3d at 333.

Here, plaintiff has submitted two declarations made under penalty of perjury, in support of her motion. *See* Dkts. 24, 34. In addition, plaintiff submits the declaration of Joseph Smith, attesting to the fact that he attempted to serve Wiltz personally on January 28, 2013, but that the building manager informed him that Wiltz had moved and left no forwarding address. *See* Dkt. 26. For purposes of motions to allow service by publication, California law is clear that an **affidavit** is required, not merely a declaration. An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." *See* Black's Law Dict., Ninth Ed. Typically, affidavits are sworn and attested to by a notary public. Given the serious due process concerns raised by permitting service through publication, the Court cannot quickly excuse plaintiff's deficiency here.

Moreover, the declarations themselves do not demonstrate that "[a]ll leads hav[e] turned to dead ends." *Combs v. Doe*, 2010 WL 4065630, *1 (N.D. Cal. Oct. 15, 2010) (permitting service by publication only after plaintiff conducted an internet WHOIS search, hired a private investigator, subpoenaed several internet companies, attempted service on several potential alter egos and apparently fake addresses used to evade service). While plaintiff has made reasonable efforts, such as purchasing a "find person" report, attempting personal service on a last known address, and attempting service by mail, these efforts fall short of diligent search required by § 415.50(a) to warrant the last-resort measure of summons by publication. Plaintiff has not, for example, attempted service under Cal. Civ. Proc. Code § 415.30, which permits service by mail on out of state defendants provided that plaintiff obtains a return receipt. *See Thierfeldt v. Marin Hospital Dist.,* 35 Cal.App.3d 186, 199 (1973). In addition,

3

plaintiff has not attempted to contact every address listed on the "find person" report, nor has plaintiff resorted to other means that may be at her disposal, such as hiring a professional process server.

Many of the addresses listed in the "find person" report are in the State of Illinois. Through a Google search, the Court has been able to determine that "Paul Wiltz" and "Mone't Inc." are defendants in an action before the United States District Court for the Northern District of Illinois. *See The TCS Productions, LLC v. Mone't, Inc. et al.,* 1:11-cv-08650 (N.D. Il.). While the Court cannot be certain that those defendants are the very same defendants in this action, the plaintiff in the Illinois action similarly alleges breach of contract and fraud involving the financing of a commercial venture. *See id.,* Dkt. 1-1 (Complaint). Also, the Complaint lists various addresses for Paul Wiltz and Mone't Inc., in the Chicago area, similar to those listed in the "find person" report. In addition to the Memphis, Tennessee address plaintiff has focused on in this action, the Illinois action lists 5487 N. Milwaukee Ave., Chicago, IL 60630 and 649 E. Glenwood-Lansing Road, Glenwood, IL 60425 as Mone't office locations. If plaintiff is able to determine that either of those addresses belongs to Mone't or Wiltz, she may be able to effectuate service by mail as described above under Cal. Civ. Proc. Code § 415.30. In fact, "Dennis R. O'Neill" is listed as having accepted service on behalf of Mone't Inc., in the Illinois action, and the Milwaukee Avenue address above.

In addition, the public record of the Illinois action shows that both parties in that case are represented by law firms, both of which can be contacted by plaintiff to find the whereabouts of Wiltz and Mone't Inc. Plaintiff is represented by the law firm of Jones Day, at 77 West Wacker Drive, Suite 3500, Chicago IL, 60601, (312) 782-3939. Defendants are represented by the law firm of Mayer Brown LLP, at 71 S. Wacker Drive, Chicago, IL, 60606, (312) 782-0600. Following any of these leads may give plaintiff additional information or contacts, to help her locate and serve defendants. While these leads may turn out to be dead ends, plaintiff is obligated to try. *Combs v. Doe*, 2010 WL 4065630, at *1. For the parties' convenience, the Court has attached the docket sheet and complaint from the Illinois action as an appendix to this Order.

In sum, especially given the possible untapped leads from the Illinois action, plaintiff has not

4

demonstrated that she has exhausted her options and therefore, the Court cannot issue an order approving of service by publication.

**2.    Service by substitute.**

The parties dispute whether service of process on defendant McGowan also constitutes service on the corporation Mone't Inc. Plaintiff contends that McGowan is vice president of Mone't Inc., and therefore was authorized to accept service of process on Mone't's behalf. Plaintiff submits email correspondence between her and McGowan in which McGowan's signature line has the title "Executive Vice President." *See* Dkt. 31 at 5. McGowan replies that she was executive vice president in name only. Instead, she contends that she was an independent contractor who had no authority to act on behalf of Mone't and she was not included in Mone't's articles of incorporation in any leadership capacity. She attached an Internal Revenue Service form 1099-MISC in support of her contention that she was only an independent contractor, not a regular employee of Mone't. At oral argument, McGowan represented to the Court that she does not know the whereabouts of Wiltz or Mone't, Inc.

Under California law, a summons may be served on a corporation by delivering a copy of the summons and the complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. The individual must be publicly identified as an officer or person authorized to accept service for the corporation. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011); *see also Pasadena Medi-Center Associates v. Superior Court of Los Angeles County,* 9 Cal.3d 773 (1973) (service effective on individual identified as secretary-treasurer in a public stock permit application although individual was not in fact the secretary-treasurer or otherwise an officer). When the defendant challenges the plaintiff's service of process, the plaintiff has the burden of proving facts requisite to show effective service of summons. *Wilson v. Eddy*, 2 Cal.App.3d 613, 617-18 (1969).

Here, plaintiff has failed to show that McGowan was an officer or person authorized to accept

service for Mone't Inc. Although she alleges that McGowan was heavily involved in the transaction in dispute (Compl. ¶ 35-38), and that McGowan's email address indicated she is the "Executive Vice President," these are not public filings, such as articles of incorporation, or other regulatory filings in which corporations must name its officers. Even if McGowan held herself out as an important figure at Mone't, there is no evidence that Mone't did so in any official public records. Accordingly, plaintiff's request for service by substitution under Cal. Civ. Proc. Code § 416.10 is DENIED without prejudice.

## CONCLUSION

Plaintiff's motions for court approval of substitute service and service by publication are DENIED WITHOUT PREJUDICE. Plaintiff may refile the motion for substitute service only after obtaining additional factual support regarding McGowan's authority at Mone't. Plaintiff may refile the motion for service by publication only exhausting all other available remedies and submitting a sworn affidavit and evidence of such along with attached to any refiled motion. The Court highly recommends that plaintiff and defendant seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).

**IT IS SO ORDERED.**

Dated: May 15 , 2013

SUSAN ILLSTON
United States District Judge