IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARLENE BELL-SPARROW,

    Plaintiff,

v.

PAUL WILTZ, MONE'T INC., and WONDA MCGOWAN

    Defendants.

No. C 12-02782 SI

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT MCGOWAN'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;**

**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL; AND**

**(3) CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Now before the Court is a motion by defendant Wonda McGowan to dismiss, or in the alternative, for summary judgment of plaintiff's claims and a motion by plaintiff Arlene Bell-Sparrow to compel compliance with her written discovery requests. The motions are scheduled to be heard on February 7, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons below, the Court hereby GRANTS IN PART and DENIES IN PART defendant Wonda McGowan's motion to dismiss, or in the alternative, for summary judgment and DENIES WITHOUT PREJUDICE plaintiff's motion to compel.

**BACKGROUND**

The following allegations are taken from plaintiff's first amended complaint ("FAC"). Defendant Mone't Inc. is an Illinois corporation that provides funding for commercial property. Docket No. 28, FAC at 6. Defendant Paul Wiltz is the owner and CEO of Mone't, and defendant Wonda

McGowan is the Executive Vice-President of Mone't. *Id.*

Around August 2009, plaintiff contacted Mr. Wiltz about helping her with the purchase of a commercial property. FAC at 6. Mr. Wiltz forwarded plaintiff a retention agreement. *Id.* at 6, Ex. 66.6. Plaintiff states that the contract contained a clause requiring a non-refundable up-front fee of $11,500. *Id.* After reading the clause, plaintiff called Mr. Wiltz and requested that the contract be changed so that she would receive the $11,500 fee back if the commercial project was not funded. *Id.* Mr. Wiltz agreed to change the terms of the contract and stated that he would reimburse plaintiff the $11,500 if the project did not go through. *Id.* at 6-7, ¶¶ 2-3. Plaintiff entered into the contract with Mone't and paid the $11,500 fee. FAC ¶¶ 1, 49.

Plaintiff found a commercial property called Emerald Square Apartments listed for $4,700,000, and plaintiff's real estate agent forwarded that information to Mr. Wiltz in December 2009. FAC ¶ 6. Mr. Wiltz informed plaintiff that to obtain funding for the property, plaintiff would have to pay an additional $60,000.[1] *Id.* ¶¶ 8, 11. Plaintiff states that this additional cost was not required under the terms of the contract. *Id.* ¶¶ 107-08. Plaintiff did not have the additional money, so on January 20, 2010, plaintiff sent an email to Mr. Wiltz and Ms. McGowan requesting a refund of her $11,500 fee.[2] *Id.* ¶¶ 8-9.

Plaintiff alleges that through several communications, Mr. Wiltz, Ms. McGowan, and Mr. Wiltz's attorney represented to plaintiff that she would be refunded the $11,500 fee.[3] FAC ¶¶ 16-24, 38-39. But, on May 3, 2010, Mr. Wiltz's attorney emailed plaintiff and stated that the money would not be refunded. *Id.* ¶¶ 31, 42.

---

[1] Plaintiff also alleges that the additional charges and fees Mone't added on for closing on the property would have cost a total of $2,840,000, making the final purchase price of the property $7,540,000. FAC ¶ 13.

[2] Plaintiff alleges that she had previously informed Mr. Wiltz and Ms. McGowan that the $11,500 was all the money that she had. FAC ¶ 12.

[3] Plaintiff alleges that these communications included plaintiff signing a settlement agreement on April 27, 2010 that was provided to her by Mr. Wiltz's attorney, whereby Mr. Wiltz agreed to return the $11,500 in exchange for plaintiff withdrawing her complaints against Mr. Wiltz. FAC ¶¶ 46, 57-58. It is unclear from the allegations whether Mr. Wiltz also signed the agreement.

2

On May 31, 2012, plaintiff filed this action against defendant Paul Wiltz, Mone't Inc., and Wonda McGowan, alleging causes of action for breach of contract and fraud. Docket No. 1. On October 12, 2012, defendant McGowan filed an answer and a motion to dismiss the complaint. Docket No. 15. On February 20, 2013, plaintiff filed a first amended complaint. Docket No. 28. By the present motions, defendant McGowan moves to dismiss plaintiff's first amended complaint or, in the alternative, for summary judgment of plaintiff's claims, Docket No. 58; and plaintiff moves to compel compliance with her written discovery requests that she served on Defendant McGowan, Docket No. 60.

## DISCUSSION

### I. Defendant McGowan's Motion to Dismiss or, in the Alternative, for Summary Judgment

#### A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief can be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Gilead Scis. Sec.Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

#### B. Legal Standard for a Motion for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to

3

disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**C.     Analysis**

In the motion, defendant McGowan argues that all of the causes of action in plaintiff's complaint should be dismissed because she never entered into a written contract or any other agreement with plaintiff. Docket No. at 1-2. In the first amended complaint, plaintiff alleges causes of action against the defendants for: (1) breach of contract, (2) negligent misrepresentation, (3) promissory fraud, (4) fraud, (5) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*, and (6) breach of the implied covenant of good faith and fair dealing. Docket No. 28, FAC ¶¶ 44-108.

The existence of a contract is a required element of a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing. *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (listing the "existence of the contract" as an element for a breach of contract claim); *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992) ("The implied covenant of good faith and fair dealing rests upon the existence of

some specific contractual obligation."). In the first amended complaint, plaintiff does not allege that defendant McGowan was a party to the contract at issue. To the contrary, plaintiff alleges that she entered into a contract with Mone't. FAC at 6-7 & ¶¶ 1, 49. In addition, plaintiff has attached several exhibits to the first amended complaint, consisting of email communications between herself and defendants Wiltz, McGowan and others at Mone't. Id. Exs. 66-71. None of these exhibits show the existence of a contract between plaintiff and defendant McGowan. *See id.* The exhibits only show that Mone't was a party to the contract. *See id.* Ex. 66.6 (email from Don Lucas of Mone't with the subject line "Monet Inc. Retention Agreement for PHSS[4]"). Plaintiff appears to assert that defendant McGowan should be liable under the contract because she is the Executive Vice President of Mone't, and she was involved in the communications with plaintiff about the contract and her refund request. *See* FAC at 4 & ¶¶ 37, 45, 49. But, directors and officers of a company are not personally liable on contracts for and on behalf of a corporation unless the directors and officers purport to bind themselves individually. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970). Because defendant McGowan was not a party to the contract at issue, she cannot be liable for breach of contract or breach of the implied covenant of good faith and fair dealing. *See CDF Firefighters*, 158 Cal. App. 4th at 1239; *Racine & Laramie*, 11 Cal. App. 4th at 1031. Accordingly, the Court dismisses with prejudice plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing against defendant McGowan.

However, the existence of a contract is not a required element for a cause of action for fraud, negligent misrepresentation, or violation of the UCL. *See Small v. Fritz Cos.*, Inc., 30 Cal. 4th 167, 173-74 (2003) (listing the elements for fraud and negligent misrepresentation); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320-22 (2011) (listing the elements for stating a claim under California's UCL). Therefore, the lack of a contractual relationship between plaintiff and defendant McGowan does not justify dismissal of these claims. Accordingly, the Court DENIES defendant McGowan's motion to

---

[4] The emails state that "PHSS" is PHSS Medical Staffing. FAC Ex. 66.5. In the first amended complaint, plaintiff alleges that she is the CEO of Professional HealthCare Staffing LLC, a medical staffing agency. FAC at 3.

5

dismiss or, in the alternative, for summary judgment with respect to plaintiff's claims for fraud, negligent misrepresentation, and violation of the UCL.

## II.     Plaintiff's Motion to Compel

Plaintiff moves for an order compelling defendant McGowan to respond to plaintiff's written discovery requests. Docket No. 60. Between November 22, 2013 and December 3, 2013, plaintiff served on defendant McGowan three sets of interrogatories and a request for the production of documents. *Id.* In her motion, plaintiff states that defendant has failed to respond to these discovery requests. *Id.* at 1-2. In addition, plaintiff states that she attempted to meet and confer with defendant McGowan about these requests by sending her a letter on January 4, 2014, but defendant McGowan failed to respond to the letter. *Id.*

Under Civil Local Rule 37-1(a), the parties must meet and confer in an attempt to resolve a discovery dispute prior to the filing of a motion to resolve the dispute. Civ. L.R. 37-1(a); *see also* Docket No. 9-1 at 5. The Court's standing order requires that: "The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters [or] emails . . . does not satisfy the requirement to meet and confer." Docket No. 9-1 at 4-5.

Plaintiff does not state in her motion that she attempted to meet and confer with defendant McGowan regarding her discovery responses by telephone. Plaintiff only states that she attempted to meet and confer with defendant McGowan by letter. This is insufficient to satisfy the meet and confer requirements under the Court's standing order and the Local Rules. *See* Civ. L.R. 37-1(a); Docket No. 9-1 at 4-5. Accordingly, the Court DENIES WITHOUT PREJUDICE plaintiff's motion to compel and ORDERS the parties to meet and confer by telephone regarding plaintiff's discovery requests within fourteen (14) days from the date this order is filed.

6

**CONCLUSION**

For the foregoing reasons:

1. The Court GRANTS IN PART and DENIES IN PART defendant McGowan's motion to dismiss or, in the alternative, for summary judgment. Specifically, the Court dismisses with prejudice plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing against defendant McGowan. The Court declines to dismiss or grant summary judgment of plaintiff's claims for fraud, negligent misrepresentation, and violation of the UCL against defendant McGowan.

2. The Court DENIES WITHOUT PREJUDICE plaintiff's motion to compel and ORDERS the parties to meet and confer by telephone regarding plaintiff's discovery requests within fourteen (14) days from the date this order is filed.

3. In addition, the Court CONTINUES the hearing on plaintiff's motion for default judgment against defendant Paul Wiltz and Mone't Inc. from February 7, 2014 at 9:00 a.m. to **February 7, 2014** at **3:00 p.m.**, so that it may be heard at the same time as the scheduled status conference.

This Order resolves Docket Nos. 58, 60.

**IT IS SO ORDERED.**

Dated: February 4 , 2014

SUSAN ILLSTON
United States District Judge