IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BELL-SPARROW, | No. C 12-02782 SI |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS WILTZ AND MONE'T** |
| v. | |
| PAUL WILTZ, MONE'T INC., and WONDA MCGOWAN | |
| Defendants. | |

Now before the Court is a motion by plaintiff Arlene Bell-Sparrow for default judgment against defendants Paul Wiltz and Mone't Inc. The Court held a hearing on the matter on February 7, 2013. Having considered plaintiff's arguments, the Court hereby DENIES WITHOUT PREJUDICE plaintiff's motion for default judgment.

**BACKGROUND**

The following allegations are taken from plaintiff's first amended complaint ("FAC"). Defendant Mone't Inc. is an Illinois corporation that provides funding for commercial property. Docket No. 28, FAC at 6. Defendant Paul Wiltz is the owner and CEO of Mone't, and defendant Wonda McGowan is the Executive Vice-President of Mone't. *Id.*

Around August 2009, plaintiff contacted Mr. Wiltz about helping her with the purchase of a commercial property. FAC at 6. Mr. Wiltz forwarded plaintiff a retention agreement. *Id.* at 6, Ex. 66.6. Plaintiff states that the contract contained a clause requiring a non-refundable up-front fee of $11,500. *Id.* After reading the clause, plaintiff called Mr. Wiltz and requested that the contract be changed so that she would receive the $11,500 fee back if the commercial project was not funded. *Id.* Mr. Wiltz agreed to change the terms of the contract and stated that he would reimburse plaintiff the $11,500 if the project

did not go through. *Id.* at 6-7, ¶¶ 2-3. Plaintiff entered into the contract with Mone't and paid the $11,500 fee. FAC ¶¶ 1, 49.

Plaintiff found a commercial property called Emerald Square Apartments listed for $4,700,000, and plaintiff's real estate agent forwarded that information to Mr. Wiltz in December 2009. FAC ¶ 6. Mr. Wiltz informed plaintiff that to obtain funding for the property, plaintiff would have to pay an additional $60,000.[1] *Id.* ¶¶ 8, 11. Plaintiff states that this additional cost was not required under the terms of the contract. *Id.* ¶¶ 107-08. Plaintiff did not have the additional money, so on January 20, 2010, plaintiff sent an email to Mr. Wiltz and Ms. McGowan requesting a refund of her $11,500 fee.[2] *Id.* ¶¶ 8-9.

Plaintiff alleges that through several communications, Mr. Wiltz, Ms. McGowan, and Mr. Wiltz's attorney represented to plaintiff that she would be refunded the $11,500 fee.[3] FAC ¶¶ 16-24, 38-39. But, on May 3, 2010, Mr. Wiltz's attorney emailed plaintiff and stated that the money would not be refunded. *Id.* ¶¶ 31, 42.

On May 31, 2012, plaintiff filed this action against defendants Paul Wiltz, Mone't Inc., and Wonda McGowan, alleging causes of action for breach of contract and fraud. Docket No. 1. Shortly thereafter, the Court granted plaintiff *in forma pauperis* status and issued summons as to all three defendants. Docket No. 11. Because of her *in forma pauperis* status, the United States Marshal Service attempted service of process on the defendants. Only defendant McGowan returned receipt of service of process. Docket No. 15. Service of process on defendants Wiltz and Mone't, was returned unexecuted, with a note that defendants had moved. Docket No. 16. On July 26, 2013, plaintiff filed

---

[1] Plaintiff also alleges that the additional charges and fees Mone't added on for closing on the property would have cost a total of $2,840,000, making the final purchase price of the property $7,540,000. FAC ¶ 13.

[2] Plaintiff alleges that she had previously informed Mr. Wiltz and Ms. McGowan that the $11,500 was all the money that she had. FAC ¶ 12.

[3] Plaintiff alleges that these communications included plaintiff signing a settlement agreement on April 27, 2010 that was provided to her by Mr. Wiltz's attorney, whereby Mr. Wiltz agreed to return the $11,500 in exchange for plaintiff withdrawing her complaints against Mr. Wiltz. FAC ¶¶ 46, 57-58. It is unclear from the allegations whether Mr. Wiltz also signed the agreement.

2

proofs of service stating that defendants Wiltz and Mone't had been served with the complaint and summons by mail. Docket Nos. 46-47.

After defendants Wiltz and Mone't failed to file an answer or otherwise respond to plaintiff's complaint, plaintiff filed a request for the entry of default. Docket No. 51. Subsequently, the Clerk entered default against defendants Wiltz and Mone't. Docket No. 55. By the present motions, plaintiff moves for default judgment against defendants Wiltz and Mone't. Docket No. 54.

**DISCUSSION**

Plaintiff moves for default judgment against defendants Wiltz and Mone't. Docket No. 54. However, defendant McGowan, who is not in default, remains in the present action. In *Frow v. De La Vega*, the Supreme Court cautioned that a court should not enter a default judgment against a defendant that is, or is likely to be, inconsistent with a judgment on the merits as to the other remaining defendants. 82 U.S. 552, 554 (1872). Therefore, where the defendants are jointly liable or similarly situated, and one of them defaults, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*, 82 U.S. at 554); *see also Shanghai Automation Instrument CO. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").

Here, the three defendants are similarly situated. Plaintiff alleges the same facts and causes of action against the three defendants. *See* FAC ¶¶ 44-108. Although the Court has dismissed some of plaintiff's claims against defendant McGowan, plaintiff's claims against her for fraud, negligent misrepresentation, and violation of the UCL remain. Docket No. 61. Accordingly, because defendant McGowan remains in this action, the Court DENIES plaintiff's motion for default judgment against defendants Paul Wiltz and Mone't, Inc. WITHOUT PREJUDICE to renewal at the conclusion of the case on the merits. *Cf. Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012) (stating that the

3

district court followed the proper procedure where the court waited until completion of the trial against the non-defaulting defendants before fixing damages and entering default judgment against the defaulting defendant).

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE plaintiff's motion for default judgment.

**IT IS SO ORDERED.**

Dated: February 11 , 2014

SUSAN ILLSTON
United States District Judge